ELDON S. EDSON (SBN 168896)
eedson@selmanlaw.com
ELIZABETH BROCKMAN (SBN 155901)
ebrockman@selmanlaw.com
CALVIN S. WHANG (SBN 215945)
cwhang@selmanlaw.com
SELMAN BREITMAN LLP
11766 Wilshire Blvd., Sixth Floor
Los Angeles, CA 90025-6538
Telephone: 310.445.0800
Facsimile: 310.473.2525

Attorneys for Plaintiff SCOTTSDALE INSURANCE COMPANY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scottsdale Insurance Company,<br><br>  Plaintiff,<br><br>  v.<br><br>Alfredo Ramirez *dba* Ramirez Labor Management and MGR Design International, Inc.,<br><br>  Defendants. | Case No.<br><br>COMPLAINT FOR (1) RESCISSION; AND (2) DECLARATORY RELIEF |

1.  Plaintiff Scottsdale Insurance Company ("Scottsdale") seeks a judicial determination that it owes no duty to defend and/or indemnity defendant Alfredo Ramirez *dba* Ramirez Labor Management ("Ramirez") and MGR Design International, Inc. ("MGR") in an underlying lawsuit s *Olga Banuelos v. MGR Design International*, pending in the Superior Court of the State of California, County of Ventura, Case No. 56-2015-00474658-CU-PO-VTA (the "Underlying Action") pursuant to an individual Commercial General Liability Insurance Policy No. CPS1734059 effective May 23, 2013, to May 23, 2014, issued by Scottsdale to "Ramirez Labor Management" with a per occurrence policy limit of $ 1million

(the "Scottsdale Policy"). Scottsdale owes no duty to defend under the Scottsdale Policy because Scottsdale can and does rescind the Scottsdale Policy based on one or more material misrepresentations made in the application for insurance by Ramirez. Because the Scottsdale Policy is rescinded, Scottsdale also seeks a declaration that it owes no duty to defend and/or indemnity MGR in the Underlying Action and is entitled to a judgment for reimbursement of costs and expenses incurred by Scottsdale on behalf of MGR.

2. In or about November 17, 2015, following the issuance of the Scottsdale Policy, Olga Banuelos ("Banuelos") filed a complaint in the Underlying Action against MGR ("MGR") for injuries she allegedly sustained in March 2014 while at MGR's premises located in Oxnard, California. Banuelos was allegedly an employee of Ramirez Farm Labor Contractor, Inc. ("RFLC") and was at MGR's premises pursuant to a written contract between MGR and RFLC wherein RFLC agreed to lease its employees, including Banuelos, to MGR. MGR has filed a cross-complaint against RFLC and is seeking defense and indemnity pursuant to the terms of the FLCA. RFLC is not an insured under the Scottsdale Policy. However, MGR also had a separate contract titled Labor Contractor Agreement with Ramirez ("LCA") wherein Ramirez also agreed to lease employees to MGR. Scottsdale is informed and believes that MGR contends that Banuelos was employed by RFLC, Ramirez and/or both.

3. Scottsdale seeks a determination that it is entitled to rescind the Scottsdale Policy and that the policy is void *ab initio* and provides no coverage whatsoever to any person or any entity because that policy was issued based on materially false representations by Ramirez in its application for insurance. Specifically, Ramirez failed to disclose the existence of the LCA and also failed to disclose that it leased employees to or from other employers and/or had a labor interchange with another business or subsidiaries.

## THE PARTIES

4. At all relevant times herein mentioned, plaintiff Scottsdale was and is a corporation organized and existing under the laws of the state of Ohio with its principal place of business located in Scottsdale, Arizona.

5. Scottsdale is informed and believes, and thereon alleges, that at all relevant times herein mentioned, defendant Alfredo Ramirez dba Ramirez Labor Management is a California citizen and resident of San Luis Obispo County, California.

6. Scottsdale is informed and believes, and thereon alleges, that at all relevant times herein mentioned, defendant MGR was and is a corporation organized and existing under the laws of the state of California with its principal place of business located in Westlake Village, California.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states in that Scottsdale is a citizen of Ohio and Arizona and defendants are all citizens of California. The Scottsdale Policy that is the subject of this action has a $1 million limit of liability and potential duty to defend. Because Scottsdale seeks to rescind the entirety of Scottsdale Policy, the $1 million policy limit and potential duty to defend establishes the applicable amount in controversy and is an amount in excess of the sum of $75,000, exclusive of interest and costs.

8. Pursuant to 28 U.S.C. § 1391, venue is appropriate in the Central District of California because jurisdiction is founded upon diversity of citizenship, with the defendants being citizens of California subject to personal jurisdiction in this district at the time this action was commenced and/or the acts giving rise to the claims for relief asserted herein arose in the Central District of California.

# FACTUAL BACKGROUND

## A. LCA BETWEEN MGR AND RAMIREZ

9. On or about May 16, 2007, MGR and Ramirez entered into the LCA. A true and correct copy of the LCA is attached hereto as **Exhibit A**.

10. In the LCA, MGR is described as an entity "engaged in the business of manufacturing, preparing, assembling and distributing gift items (the 'products') for retail stores" and Ramirez is described as an entity "in the business of recruiting, soliciting, supplying, or hiring workers." The LCA requires Ramirez to "supply labor to MGR…." Although the total number of workers leased by Ramirez to MGR was unknown at the time of the agreement, the parties "best estimate" of the total number of workers to be employed under the LCA was 175 employees.

11. The LCA also requires, among other things, Ramirez to indemnify, defend and hold harmless MGR and its directors, officers, employees and agents from and against any and all claims directly or indirectly arising out of or in any way connected with projects undertaken by Ramirez and/or Ramirez's employees. The LCA also required Ramirez to maintain comprehensive general liability insurance.

## B. RAMIREZ'S APPLICATION FOR INSURANCE

12. By application dated May 14, 2013, Ramirez applied to Scottsdale for issuance of Scottsdale Policy (the "Application"). The Application is attached hereto as **Exhibit B**.

13. In its Application, Ramirez described the nature of its business as "Arrange silk flower arrangement".

14. In response to yes or no questions, "DO YOU LEASE EMPLOYEES TO OR FROM OTHER EMPLOYERS?" and "IS THERE A LABOR INTERCHANGE WITH ANY OTHER BUSINESS OR SUBSIDIARIES?", Ramirez answered "N" to both.

15. The Application required the applicant to "EXPLAIN ALL 'YES' RESPONSES" and Ramirez failed to explain any of the foregoing responses it answered "N" for no.

16. In response to "ADDITIONAL INTEREST/CERTIFICATE RECIPIENT", Ramirez requested an additional insured certificate on behalf of MGR.

C.   THE SCOTTSDALE POLICY

17. A true and correct copy of the Scottsdale Policy is attached hereto as **Exhibit C**.

18. The Scottsdale Policy defines "Who is an Insured," in relevant part, as follows:

> 1. If you are designed in the Declarations as:
> a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner…
> d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

19. By endorsement titled "Additional Insured – Owners, Lessees or Contractors – Scheduled Person or Organization", the Scottsdale Policy identifies MGR in its schedule of additional insured(s). The endorsement further provides, in relevant part, as follows:

> A. Section II – Who is an insured is amended to include as an additional insured the person(s) or

organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal advertising injury" caused, in whole or in part, by:

1. Your acts or omissions: or
2. The acts or omissions of those acting on your behalf;

In the performance of your ongoing operations for the additional insured(s) at the location(s) designated above. However…. [i]f coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

**D.   THE UNDERLYING ACTION**

20. On November 17, 2015, Banuelos filed a complaint against MGR in the Underlying Action alleging two causes of action for premises liability and negligence. A true and correct copy of the complaint is attached hereto as **Exhibit D**.

21. On July 7, 2016, MGR filed a cross-complaint against ROE defendants for equitable indemnity, apportionment of fault and declaratory relief claiming that the ROE defendants were wholly or in part responsible for Banuelos and that the ROE defendants owed MGR a duty to defend and hold it harmless in the Underlying Action. A true and correct copy of the cross-complaint is attached hereto as **Exhibit E**.

22. On August 10, 2016, MGR filed a notice of amendment to cross-complaint to designate RFLC as ROE 1. A true and correct copy of the Roe designation is attached hereto as **Exhibit F**.

23. MGR and Ramirez have tendered the complaint and cross-complaint filed in the Underlying Action to Scottsdale for coverage under the Scottsdale Policy.

24. MGR alleges that Ramirez is obligated to defend and indemnify it in the Underlying Action pursuant to the LCA.

25. Subject to reservation of rights, including the right to withdraw coverage, file a declaratory relief action concerning its obligations, to rescind coverage and/or to seek reimbursement, Scottsdale has agreed to defend MGR in the Underlying Action.

## FIRST CAUSE OF ACTION
## (RESCISSION – AGAINST ALL DEFENDANTS)

26. Scottsdale refers to the foregoing paragraphs and incorporates the same herein by reference.

27. Scottsdale is entitled to a judicial determination that it is entitled to rescind the Scottsdale Policy such that it is void *ab initio* and provides no coverage whatsoever to any person or entity.

28. Scottsdale is informed and believes, and thereon alleges, that Ramirez failed to accurately respond to the following two yes or no questions:

DO YOU LEASE EMPLOYEES TO OR FROM OTHER EMPLOYERS?

IS THERE A LABOR INTERCHANGE WITH ANY OTHER BUSINESS OR SUBSIDIARIES?

29. Ramirez answered "no" to all of the foregoing questions and further did not disclose the existence of LCA and/or arrangement between RFLC to supply workers to MGR.

30. Scottsdale issued the Scottsdale Policy in reliance upon the truth and accuracy of the Application. Had Ramirez accurately responded to the foregoing questions and disclosed the existence of the LCA and/or arrangement between Ramirez to supply workers to MGR, Scottsdale would not have issued the

Scottsdale Policy and/or would not have issued that policy on the terms and conditions set forth therein.

31. An actual controversy has arisen and now exists between Scottsdale and the defendants in that Scottsdale contends, and is informed and believes that defendants deny, that by virtue of the foregoing, the Scottsdale Policy should be void *ab initio* and provides no coverage whatsoever to any person or entity and that Scottsdale is entitled to rescind the Scottsdale Policy.

32. Scottsdale seeks a declaration that by virtue of material false or inaccurate representation in the Application, the Scottsdale Policy is void *ab initio* and provides no coverage whatsoever to any person or entity and that Scottsdale is entitled to rescind the Scottsdale Policy. Scottsdale further seeks an order that the Scottsdale Policy is rescinded.

33. This complaint constitutes notice of rescission of the Scottsdale Policy by Scottsdale. Scottsdale hereby offers to restore all premiums paid by or for the benefit of Ramirez with respect to the Scottsdale Policy.

## SECOND CAUSE OF ACTION
### (DECLARATORY RELIEF – AGAINST ALL DEFENDANTS)

34. Scottsdale refers to the foregoing paragraphs and incorporates the same herein by reference.

35. Scottsdale has and continues to incur defense costs and/or expenses pursuant to the Scottsdale Policy.

36. Scottsdale is entitled to a judicial determination it should be reimbursed for defense costs and/or expenses incurred to defend Ramirez and/or MGR with respect to the complaint and cross-complaint filed in the Underlying Action because the Scottsdale Policy is rescinded and *void ab initio*.

37. An actual controversy has arisen and now exists between Scottsdale and the defendants in that Scottsdale contends, and is informed and believes that defendants deny, that by virtue of the foregoing, the Scottsdale Policy should be

void *ab initio* and provides no coverage whatsoever to any person or entity and that Scottsdale is entitled to reimbursement of defense costs and/or expenses it incurred pursuant to the Scottsdale Policy.

### PRAYER FOR RELIEF

WHEREFORE, Scottsdale prays for relief for its First Cause of Action for Rescission as follows:

A. A judicial declaration the Scottsdale Policy is void *ab initio* and provides no coverage whatsoever to any person or entity;

B. For costs of suit herein incurred; and

C. For such other and further relief as the court may deem just and proper.

WHEREFORE, Scottsdale prays for relief for its Second Cause of Action for Declaratory Relief as follows:

A. A judicial declaration that Scottsdale is entitled to reimbursement of defense costs and/or expenses incurred on behalf Ramirez and/or MGR pursuant to the Scottsdale Policy because the Scottsdale Policy is rescinded and *void ab initio*;

B. For costs of suit herein incurred; and

C. For such other and further relief as the court may deem just and proper.

DATED: April 14, 2017

SELMAN BREITMAN LLP

By: _____
ELDON S. EDSON
ELIZABETH BROCKMAN
CALVIN S. WHANG
Attorneys for Plaintiff SCOTTSDALE INSURANCE COMPANY